### CITY OF MIAMI v. MIAMI TRANSIT CO.

Circuit Court, Dade County.
March 20, 1952.

J. W. Watson, Jr., City Attorney, and Yonge, Whiteside & Prunty, T. A. Whiteside, Miami, for plaintiff.

Worley, Gautier & Dawes, Lee M. Worley, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

It is provided by the charter of the plaintiff municipality that "no ordinance granting, renewing. or leasing the right to use the streets . . . . of the City of Miami to any private person, persons, firm or corporation shall become a law or effective in any way until the same has been approved by a majority of the qualified voters of the City of Miami, voting at an election held therefor."

By its ordinance numbered 2356 the city granted to the defendant transit company, subject to the approval of the voters, a franchise "to use all streets, avenues and other public highways in the City . . . . for the purpose of establishing, operating and maintaining a bus system for transporting passengers over defined routes, the enjoyment and exercise of the right hereby granted to be at all times in conformity with and subject to all provisions, terms and conditions" recited in the ordinance.

The ordinance was approved by the voters and is still in effect.

In consideration of the granting to it of the franchise the transit company assumed the obligation (among others) of paying to the city "five per cent of the gross operating revenues attributable to and resulting from all bus operations" under the franchise.

The principal question here presented for decision is whether the city commission, without the authorization of the voters, may "waive, refund or rebate (retroactively if deemed necessary) any part or all of the five per cent gross tax receipts" provided for in the ordinance.

It is expressly provided in the ordinance that "minor changes in the terms and conditions hereof may be made by written agreement between the city and the grantee without further ratification by the electors of the city," but that no "changes in or modifications of the provisions of this ordinance which would

be repugnant to or inconsistent with basic factors or principles underlying the terms and conditions hereof" may be made without such ratification.

It is obvious, it seems to me, that the amendment or modification of the ordinance so as to vest in the city commission, without the authorization of the voters, the power or right to waive, refund or rebate (retroactively if deemed necessary) "any part or all of the five per cent gross tax receipts" would be a major and not a minor change in the terms and conditions of the ordinance and that such a change would be repugnant to, and inconsistent with, the "basic factors or principles underlying the terms and conditions" of the ordinance.

I am impelled, therefore, to the conclusion that unless and until the city commission, by the vote of a majority of the qualified voters of the city, voting at an election held for the purpose of obtaining an expression of their judgment, is authorized to do so it may not legally waive, refund or rebate "any part or all of the five per cent gross tax receipts." I find nothing in the opinions and decisions cited which militates against my conclusion.

The only other question posed is whether the city commission has acted legally by the adoption of a resolution under which there is to be submitted to the qualified electors for their determination, at an election to be held for the purpose on April 15, 1952, the question, "Shall the city commission of the City of Miami have the authority to waive, increase, refund or rebate (retroactively if deemed necessary) any part or all of the 5% gross tax receipts provided for in ordinance No. 2356 as amended, the same being the franchise of the Miami Transit Company, a Florida corporation?" and by proceeding to hold the proposed election. I hold that the commission's action is legal and that, if the proposed election shall be duly held and a majority of the qualified voters of the city who shall vote in such election shall vote affirmatively on the stated question, the city commission shall then have the authority to waive, refund or rebate (retroactively if such commission shall deem it necessary) any or all of the "five per cent of the gross operating revenues attributable to and resulting from all bus operations" under the mentioned ordinance.

A declaratory decree in conformity with the views herein expressed will be entered.